


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GAKM RESOURCES LLC and GOLDTOEMORETZ, LLC,**

**Plaintiffs,**

**-against-**

**JAYLYN SALES INC., DON KREISS, HOSIERY CONCEPTS INC., TIMOTHY LEE, SE-GYE YANG HAENG CO., LTD., and DOES 1-30,**

**Defendants.**

**Case No. 08 CV 6030(GEL)**

**PRELIMINARY INJUNCTION ORDER ON CONSENT AS TO DEFENDANTS JAYLYN SALES INC. and DON KREISS**

WHEREAS Plaintiffs GAKM Resources LLC (hereafter "GAKM") and GoldToeMoretz, LLC (hereafter "GoldToeMoretz") have filed this action against Defendants Jaylyn Sales Inc. ("Jaylyn"), Don Kreiss ("Kreiss"), Hosiery Concepts Inc., Timothy Lee, Se-Gye Yang Haeng Co., Ltd., and Does 1-30, for violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and New York General Business Law §§ 350 and 360-l, and common law unfair competition under New York law, and

WHEREAS, upon the Complaint, dated July 2, 2008, and an Order to Show Cause dated July 2, 2008, the supporting declarations, exhibits and memorandum of law submitted therewith, and Defendants Jaylyn and Kreiss having received due notice of Plaintiffs' application for a preliminary injunction, and

WHEREAS Defendants Jaylyn and Kreiss have consented to the entry of a preliminary injunction in this matter;

Accordingly, pursuant to 15 U.S.C. § 1116(a), N.Y.S. Gen. Bus Law §§ 133 and 360-l, and Fed. R. Civ. P. 65,

IT IS HEREBY ORDERED:

1. That Defendants, Jaylyn and Kreiss, their respective officers, agents, servants, employees and attorneys, and those in active concert or participation with them, who receive actual notice hereof, be and hereby are ENJOINED pending the trial and entry of final judgment in this matter from:

a. Infringing, in any manner, Plaintiffs' registered trademarks, including but not limited to: GOLD TOE, GOLDTOE, AQUAFX & Design, the Gold Stripe mark and the Gold Toe Design mark (collectively the "GOLDTOE Marks");

b. Imitating, copying, or making unauthorized use of the GOLDTOE Marks;

c. Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the GOLDTOE Marks;

d. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the GOLDTOE Marks in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, circulation, or distribution of any product, in any way, that would tend to imply or from which one could infer any relationship, connection, or association between Defendants and Plaintiffs or Defendants and the GOLDTOE Marks;

e. Using the GOLDTOE Marks in connection with any products not manufactured by Plaintiffs or their authorized agents or licensees;

f. Engaging in any other activity that constitutes an infringement of any of the GOLDTOE Marks or Plaintiffs' rights therein or their ability to use or exploit those marks;

g. Moving, altering, transferring, transporting, secreting or destroying any business records or documents relating to copying or use of any of the GOLDTOE Marks or the acquisitions, sales, shipments or storage of product bearing these Marks;

h. Moving, altering, transforming, transporting, secreting, or destroying any copies of the GOLDTOE Marks or any products or materials bearing the GOLDTOE Marks;

i. Representing themselves, in any way, as authorized, by license, sponsorship or otherwise, to use the GOLDTOE Marks;

j. Assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs a. through i. above.

2. Defendants Jaylyn and Kreiss shall deliver to Plaintiffs' attorneys for safekeeping all goods and materials bearing the GOLDTOE Marks within five business days of this order.

3. Plaintiffs reserve their right to seek an order requiring Defendants to respond to document requests and interrogatories on the issues of source, quantity, manufacture, and distribution of the allegedly infringing goods within 5 calendar days of service, and to submit to depositions within 5 calendar days of notice.

4. Defendants waive the posting of security in connection with this injunction.

DATED this 3d day of July 2008.

UNITED STATES DISTRICT JUDGE