

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GAKM RESOURCES LLC and**<br>**GOLDTOEMORETZ, LLC,**<br><br>          **Plaintiffs,**<br><br>    **-against-**<br><br>**JAYLYN SALES INC., DON KREISS,**<br>**HOSIERY CONCEPTS INC., TIMOTHY LEE,**<br>**SE-GYE YANG HAENG CO., LTD., and**<br>**DOES 1-30,**<br>          **Defendants.** | **Case No. 08 CV 6030(6a)**<br><br>**ORDER TO SHOW CAUSE FOR**<br>**PRELIMINARY INJUNCTION AND**<br>**TEMPORARY RESTRAINING**<br>**ORDER AS TO DEFENDANTS**<br>**HOSIERY CONCEPTS INC.,**<br>**TIMOTHY LEE, SE-GYE YANG**<br>**HAENG CO., LTD., and DOES 1-30** |

Upon the declarations of Larry C. Jones, sworn to on July 1, 2008, Robert E. Hanlon, sworn to on July 2, 2008, and Gregory D. Huffman, sworn to on July 2, 2008, and upon the copy of the complaint attached hereto, it is:

ORDERED, that the above-named Defendants HOSIERY CONCEPTS INC., TIMOTHY LEE, SE-GYE YANG HAENG CO., LTD., and DOES 1-30, show cause at 11 a.m. on July 23, 2008 in the courtroom of the Honorable Gerald Lynch, U.S.D.J. located at 500 Pearl Street, New York, NY in Courtroom 6B, why those Defendants, their agents, servants, employees and attorneys and those in active concert or participation with those Defendants, should not, pursuant to Rule 65 of the Federal Rules of Civil Procedure,

    1.    Be enjoined during the pendency of this action, from:

    a.    Infringing, in any manner, Plaintiffs' registered Trademarks, including but not limited to:  GOLD TOE, GOLDTOE, AQUAFX & Design, the Gold Stripe mark and the Gold Toe Design mark (collectively the "GOLDTOE Marks");

    b.    Imitating, copying, or making unauthorized use of the GOLDTOE Marks;

c.      Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the GOLDTOE Marks;

d.      Using any simulation, reproduction, counterfeit, copy or colorable imitation of the GOLDTOE Marks in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, circulation, or distribution of any product, in any way, that would tend to imply or from which one could infer any relationship, connection, or association between Defendants and Plaintiffs or Defendants and the GOLDTOE Marks;

e.      Using the GOLDTOE Marks in connection with any products not manufactured by Plaintiffs or their authorized agents or licensees;

f.      Engaging in any other activity that constitutes an infringement of any of the GOLDTOE Marks or Plaintiffs' rights therein or their ability to use or exploit those marks;

g.      Moving, altering, transferring, transporting, secreting, or destroying any business records or documents relating to copying or use of any of the GOLDTOE Marks or the acquisitions, sales, shipments or storage of product bearing these marks;

h.      Moving, altering, transforming, transporting, secreting, or destroying any copies of the GOLDTOE Marks or any products or materials bearing the GOLDTOE Marks;

i.      Representing themselves, in any way, as authorized, by license, sponsorship or otherwise, to use the GOLDTOE Marks;

j.      Assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs a. through j. above; and

LEGAL02/30864817v3

2.      Be ordered to deliver to Plaintiffs' attorneys for safekeeping all goods and materials bearing the GOLDTOE Marks within five days of such order; and

3.      Be required to respond to document requests and interrogatories on the issues of source, quantity, manufacture, and distribution of the allegedly infringing goods within 5 days of service, and shall submit to depositions within 5 days of notice; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, those Defendants are temporarily restrained and enjoined from:

a.      Infringing, in any manner, Plaintiffs' registered Trademarks, including but not limited to:  GOLD TOE, GOLDTOE, AQUAFX & Design, the Gold Stripe mark and the Gold Toe Design mark (collectively the "GOLDTOE Marks");

b.      Imitating, copying, or making unauthorized use of the GOLDTOE Marks;

c.      Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the GOLDTOE Marks;

d.      Using any simulation, reproduction, counterfeit, copy or colorable imitation of the GOLDTOE Marks in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, circulation, or distribution of any product, in any way, that would tend to imply or from which one could infer any relationship, connection, or association between Defendants and Plaintiffs or Defendants and the GOLDTOE Marks;

e.      Using the GOLDTOE Marks in connection with any products not manufactured by Plaintiffs or their authorized agents or licensees;

LEGAL02/30864817v3

f.      Engaging in any other activity that constitutes an infringement of any of the

GOLDTOE Marks or Plaintiffs' rights therein or their ability to use or exploit those

marks;

g.      Moving, altering, transferring, transporting, secreting, or destroying any business

records or documents relating to copying or use of any of the GOLDTOE Marks or the

acquisitions, sales, shipments or storage of product bearing these marks;

h.      Moving, altering, transforming, transporting, secreting, or destroying any copies

of the GOLDTOE Marks or any products or materials bearing the GOLDTOE Marks;

i.      Representing themselves, in any way, as authorized, by license, sponsorship or

otherwise, to use the GOLDTOE Marks;

j.      Assisting, aiding, or abetting any other person or business entity in engaging or in

performing any of the activities referred to in subparagraphs a. through i. above; and it is

further

ORDERED that those Defendants shall respond to document requests and interrogatories

on the issues of source, quantity, manufacture, and distribution of the allegedly infringing goods

within 5 calendar days of service, and shall submit to depositions within 5 calendar days of

notice; and it is further

ORDERED that no security need be posted by Plaintiffs; and it is further

ORDERED that this Order to Show Cause and supporting papers be served on those

Defendants, or their counsel, no later than close of business Wednesday, July 9, 2008, that

service on Defendant SE-GYE YANG HAENG CO., LTD may be made by regular mail and by

email if such email address is know to Plaintiffs, and proof of service shall be filed no later than

-4-

Friday, July 11, 2008. Any response or opposition to this Order to Show Cause must be filed no later than July 23, 2008.

DATED: _July 3, 2008_
New York, New York

ISSUED  _2:40 p.m._

_Gerard E. Lynch_

UNITED STATES DISTRICT JUDGE

LEGAL02/30864817v3