UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAKM RESOURCES LLC and
GOLDTOEMORETZ, LLC,

                              Plaintiffs,

        -against-

JAYLYN SALES INC., DON KREISS,
HOSIERY CONCEPTS INC., TIMOTHY LEE,
SE-GYE YANG HAENG CO., LTD., and
DOES 1-30,
                              Defendants.



Case No. 08 CV ~~6 030~~ (GEL)

~~PROPOSED~~ PRELIMINARY
INJUNCTION ORDER
AND ORDER FOR
EXPEDITED DISCOVERY

        WHEREAS Plaintiffs GAKM Resources LLC (hereafter "GAKM") and

GoldToeMoretz, LLC (hereafter "GoldToeMoretz") have filed this action against

Defendants Jaylyn Sales Inc., Don Kreiss, Hosiery Concepts Inc., Timothy Lee, Se-Gye

Yang Haeng Co., Ltd., and Does 1-30, for violation of the Lanham Act, 15 U.S.C.

§§ 1051 et seq. and New York General Business Law §§ 350 and 360-l, and common law

unfair competition under New York law, and

        WHEREAS, upon the Complaint, dated July 2, 2008, and an Order to Show

Cause dated July 2, 2008, the supporting declarations, exhibits and memorandum of law

submitted therewith, and Defendants having received due notice of Plaintiffs' application

for a preliminary injunction, and counsel for the parties having been provided an

opportunity to be heard, the Court finds as follows:

        1.     Plaintiffs have demonstrated a likelihood of success on the merits of their

claims, more specifically that:

a.      they are the owners of certain trademarks for socks, hosiery and related products and United States Trademark Registrations associated with those trademarks; and

b.      Defendants have infringed those trademarks through the use in commerce of counterfeit versions of those trademarks on product and product packaging and in advertising and promotional material and have engaged in false advertising with respect to the origin of certain goods; and

c.      Defendants have diluted the distinctiveness of Plaintiffs' famous, registered trademarks through the use in commerce of counterfeit versions of those trademarks on product and product packaging and in advertising and promotional material in association with goods that are not subject to quality control by Plaintiffs; and

d.      Defendants, by using Plaintiffs' trademarks to market their own imitation products, have engaged in passing off, false advertising, unfair competition and dilution in violation of the Lanham Act; and

e.      Defendants, by using Plaintiffs' trademarks to market their own imitation products, have engaged in false advertising, unfair competition and dilution in violation of New York State General Business Law and New York common law.

2.      Plaintiffs' demonstration of trademark counterfeiting, infringement, dilution and passing off results in a presumptive, *prima facie* showing, as well, of irreparable harm.

3.      The Court further finds that the harm to Plaintiffs from continuing counterfeiting, infringement and dilution of their trademarks by Defendants, and from

-2-

false advertising of Defendants' imitation goods in association with Plaintiffs' trademarks and brand, and from Defendants' deceptive trade practices and unfair competition is outweighed by any disruption that might occur to Defendants' businesses or their advertising and marketing activities.

4.      The Court further finds that the public interest in this case militates in favor of enforcing intellectual property rights, honest advertising and trade practices and fair competition.

Accordingly, pursuant to 15 U.S.C. § 1116(a), N.Y.S. Gen. Bus Law §§ 133 and 360-l, and Fed. R. Civ. P. 65,

IT IS HEREBY ORDERED:

1.      That Defendants, Jaylyn Sales Inc., Don Kreiss, Hosiery Concepts Inc., Timothy Lee, Se-Gye Yang Haeng Co., Ltd., and Does 1-30, their respective officers, agents, servants, employees and attorneys, and those in active concert or participation with them, who receive actual notice hereof, be and hereby are ENJOINED pending the trial and entry of final judgment in this matter from:

a.      Infringing, in any manner, Plaintiffs' registered trademarks, including but not limited to:  GOLD TOE, GOLDTOE, AQUAFX & Design, the Gold Stripe mark and the Gold Toe Design mark (collectively the "GOLDTOE Marks");

b.      Imitating, copying, or making unauthorized use of the GOLDTOE Marks;

c.      Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the GOLDTOE Marks;

-3-

d.      Using any simulation, reproduction, counterfeit, copy or colorable imitation of the GOLDTOE Marks in connection with the promotion, advertisement, sale, offering for sale, manufacture, production, circulation, or distribution of any product, in any way, that would tend to imply or from which one could infer any relationship, connection, or association between Defendants and Plaintiffs or Defendants and the GOLDTOE Marks;

e.      Using the GOLDTOE Marks in connection with any products not manufactured by Plaintiffs or their authorized agents or licensees;

f.      Engaging in any other activity that constitutes an infringement of any of the GOLDTOE Marks or Plaintiffs' rights therein or their ability to use or exploit those marks;

g.      Moving, altering, transferring, transporting, secreting or destroying any business records or documents relating to copying or use of any of the GOLDTOE Marks or the acquisitions, sales, shipments or storage of product bearing these Marks;

h.      Moving, altering, transforming, transporting, secreting, or destroying any copies of the GOLDTOE Marks or any products or materials bearing the GOLDTOE Marks;

i.      Representing themselves, in any way, as authorized, by license, sponsorship or otherwise, to use the GOLDTOE Marks;

j.      Assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs a. through i. above.

-4-

2.      Defendants shall deliver to Plaintiffs' attorneys for safekeeping all goods and materials bearing the GOLDTOE Marks within five days of this order.

3.      Defendants shall respond to document requests and interrogatories on the issues of source, quantity, manufacture, and distribution of the allegedly infringing goods within 5 calendar days of service, and shall submit to depositions within 5 calendar days of notice.

4.      Plaintiffs are required to give security in the amount of $_____ for the payment of such costs and damages as may be incurred or suffered by Defendants.

DATED this 23d day of           2008.

UNITED STATES DISTRICT JUDGE