UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAKM RESOURCES LLC<br>and GOLDTOEMORETZ, LLC<br><br>Plaintiffs,<br><br>v.<br><br>JAYLYN SALES INC., DON KREISS,<br>HOSIERY CONCEPTS INC.,<br>TIMOTHY LEE, SE-GYE YANG<br>HAENG CO., LTD., and DOES 1-30<br><br>Defendants. | Civil Action No. 08 CV 6030 (GEL)<br><br>**MEMORANDUM OF LAW<br>IN SUPPORT OF MOTION TO DISMISS<br>DEFENDANT DON KREISS** |

Defendant Don Kreiss ("Mr. Kreiss" or "Defendant"), through his attorneys, submits this Memorandum of Law in support of the instant Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**PRELIMINARY STATEMENT**

Plaintiffs, GAKM Resources LLC and GoldToeMoretz, LLC (collectively, "Plaintiffs"), manufacturers and marketers of GOLDTOE/GOLDTOE socks, commenced this action for trademark counterfeiting, infringement and dilution, false advertising and unfair competition, against numerous parties including Mr. Kreiss, who is the president of Co-Defendant Jaylyn Sales, Inc. ("Jaylyn"). Mr. Kreiss founded Jaylyn in 1984, and has been engaged in the business of selling primarily intimate apparel and sleepwear for ladies, children and men for the last 35 years without anyone ever complaining that he was selling infringing or counterfeit goods.

---

[1] A true and correct copy of the Complaint, originally filed in the Southern District of New York on July 2, 2008, is attached as Exhibit A to the accompanying Declaration of Don Kreiss, dated August 28, 2008 ("Kreiss Decl.").

Kreiss Decl. at ¶¶2-4. Plaintiffs are unfairly targeting, and seeking to harass and intimidate, an honest businessman who, in his capacity as president and corporate officer of Jaylyn, bought GOLDTOE brand socks from defendants Timothy Lee ("Lee") and Hosiery Concepts Inc. (collectively, "Hosiery Concepts") without knowledge of the current allegations against Hosiery Concepts or the threat of infringement and/or counterfeit allegations. In fact, Mr. Kreiss had no reason to believe that the GOLDTOE merchandise was infringing and/or counterfeit as Lee had always represented to Mr. Kreiss that he was authorized to sell genuine GOLDTOE socks. *Id.* at ¶¶6-7.

Prior to the commencement of this instant case, Plaintiffs' attorneys alerted Jaylyn that it may be receiving and selling infringing or counterfeit GOLDTOE brand socks. Based on Plaintiff's representation, Jaylyn, in good faith, voluntarily and immediately ceased sale of such socks and fully cooperated with Plaintiffs' attorneys, for example by providing financial documents relating to the sale of the socks. *Id.* at ¶¶9-10, 12. Nonetheless, Plaintiffs thereafter have named Mr. Kreiss as a defendant in his individual capacity, despite not alleging sufficient facts to pierce the corporate veil or to otherwise prove that Mr. Kreiss acted outside the scope of his capacity as a corporate officer in buying, selling, or offering for sale allegedly infringing and/or counterfeit socks.

As discussed below, the causes of action against Mr. Kreiss should be dismissed because Plaintiffs fail state a cause of action upon which relief could be granted. The only allegation relating to Mr. Kreiss is that Jaylyn, "under the direction and control" of Mr. Kreiss acquired counterfeit GOLDTOE socks from defendants Timothy Lee and Hosiery Concepts (Complaint, at ¶ 30). However, there is no allegation that Mr. Kreiss was doing business in his individual capacity to suit his own needs or that he abused the privilege of doing business in a corporate

form to perpetuate wrongful conduct. Mr. Kreiss was transacting business in a customary manner and was merely carrying on the business of the corporation; in good faith and upon reliance of past successful dealings with Hosiery Concepts, he made the mistake of buying GOLDTOE socks from Hosiery Concepts. Furthermore, Plaintiffs' counsel did not pose any inquiries regarding Mr. Kreiss' personal involvement in purchasing and selling GOLDTOE socks prior to commencing the instant action nor did they discover any evidence to support the allegation that Mr. Kreiss was acting outside the scope of his role as a corporate officer during their deposition of Lee. Clearly, Mr. Kreiss was acting only on behalf of Jaylyn and therefore he is protected from personal liability in this instance.

Accordingly, it is respectfully requested that this Court grant this motion to dismiss the complaint in its entirety as to defendant Don Kreiss.

## STATEMENT OF FACTS

The Complaint contains gross misstatements and omissions of fact, and further contains allegations which are contradicted by the documentary evidence.

Jaylyn is in the business of selling primarily intimate apparel and sleepwear for ladies, children and men and, on occasion, offer miscellaneous goods, including but not limited to, sweaters, jackets, hosiery, footwear accessories and other items, which constitute a very small portion of its overall business. Kreiss Decl. at ¶2. Jaylyn usually purchases off-price, closeout merchandise directly from brand name manufacturers and/or their authorized licensees, wholesalers and stores. *Id.* at ¶5. Jaylyn purchases for resale, off-price closeout merchandise that are either cancelled or discontinued by customers of manufacturers and/or licensees, wholesalers and stores. *Id.* at ¶6. Hosiery Concepts has always represented to Jaylyn and Mr. Kreiss that it is authorized to sell genuine GOLDTOE brand socks, and based on these representations and prior dealings with Hosiery Concepts, Jaylyn and Mr. Kreiss had no reason to believe that the

GOLDTOE brand merchandise it purchased from Hosiery Concepts was infringing and/or counterfeit. *Id.* at ¶7. Furthermore, the price paid by Jaylyn for GOLDTOE socks was not even discounted to have alerted him that such goods were not genuine GOLDTOE socks. *Id.* at ¶8.

On or about May 8, 2008, Plaintiffs' counsel, Larry C. Jones, sent a letter to Mr. Kreiss in which it alleged that Jaylyn was selling counterfeits of GOLDTOE socks and that such activities must cease. Plaintiffs' counsel also demanded that Jaylyn recall all existing inventories, provide a written assurance that it will not sell, offer to sell or advertise GOLDTOE brand socks, and produce customer lists and financial documents in connection with its purchase and sale of GOLDTOE socks, including copies of purchase orders, sales invoices and shipping documents. *Id.* at ¶9. However, the Complaint fails to even address the good faith effort by Mr. Kreiss, in his capacity as president of Jaylyn, to cooperate with Plaintiffs' counsel and resolve the situation.

There was communication between Mr. Kreiss and Plaintiffs' counsel prior to the filing of the complaint, and Mr. Kreiss produced Jaylyn's sales analysis reports for GOLDTOE socks. *Id.* at ¶¶11-12. After production of the documents, Mr. Kreiss attempted to contact Plaintiffs' counsel several times to confirm his receipt of the documents but his repeated calls went unreturned. *Id.* at ¶13. Subsequently, Mr. Kreiss learned that the Complaint was filed by Plaintiffs in this Court on July 2, 2008.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. KREISS

#### A. Standard of Review for a 12(b)(6) Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), dismissal is warranted where it appears that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir.

2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957)). While the Court must, for purposes of a motion to dismiss for failure to state a claim, accept a complaint's factual allegations as true, and draw reasonable inferences in a plaintiff's favor, *see Lupien v. Citizens Utilities Co.*, 159 F.3d 102, 104 (2d Cir. 1998), conclusory legal concepts that are pled without supporting facts are not entitled to such deference. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). "[B]ald assertions and conclusions of law" will not insulate a complaint from dismissal. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

### B. Plaintiffs Have Not Alleged Any Facts Sufficient to Pierce the Corporate Veil and Therefore Cannot Recover Against Mr. Kreiss Individually For the Alleged Conduct of Jaylyn

It is an "accepted principle" that the owners of a corporation are generally not liable for the debts and conduct of the corporation. *Morris v. State Dep't of Taxation & Finance*, 82 N.Y.2d 135, 140, 623 N.E.2d 1157, 1160, 603 N.Y.S.2d 807, 810 (1993). "In New York, courts are reluctant to reach beyond the corporate form [and will] pierce the corporate veil, and hold an individual liable only 'where there was proof that the individuals were doing business in their individual capacities to suit their own ends.'" *Bell v. Manhattan Motorcars, Inc.*, No. 06 CV 4972, 2008 WL 2971804, at *4 (S.D.N.Y. Aug. 4, 2008) (citation omitted). Under New York law "piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."[2] *Morris*, 82 N.Y.2d at 141, 623 N.E.2d at 1160-61, 603 N.Y.S.2d at 810-11. A showing of

---

[2] A federal court sitting in diversity must apply the choice of law rules of the forum state. *See Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824, 832 (2d Cir. 1994). "Under New York's choice of law rules, the law of the state in which a corporation is incorporated governs attempts to pierce the corporate veil." *Quinn v. Teti*, No. 99-9433, 2000 WL 1616806, at *2 n.2 (2d Cir. Oct. 27, 2000). Here, New York law governs because Jaylyn Sales, Inc. is a New York corporation.

domination of the corporation alone is not enough to pierce the corporate veil. Plaintiff must "establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that court in equity will intervene." *Id.*, 82 N.Y.2d at 142, 623 N.E.2d at 1161, 603 N.Y.S.2d at 811.

A plaintiff seeking to pierce the corporate veil must allege facts sufficient to establish both prongs of the *Morris* test in order to survive a motion to dismiss. A complaint alleging that a corporate officer is liable for the conduct of the corporation must contain "specific facts or circumstances to show the actual domination needed to pierce the corporate veil." *Bell*, 2008 WL 2971804 (dismissing plaintiff's claims against individual defendants because "plaintiff ha[d] not alleged any facts that would justify piercing the corporate veil"); *see also In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) (holding that the "unadorned invocation of domination and control is simply not enough" to support a claim based on veil piercing). Courts generally consider ten factors "[i]n determining whether the party against whom veil piercing is alleged actually dominated and controlled the corporate entity, as opposed to merely carrying on the business of the corporation." *Devon Mobile Commc'ns Liquidating Trust v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 322 B.R. 509, 522 (Bankr. S.D.N.Y. 2005).[3] To satisfy the second prong, "[e]ven under the liberal pleading standards of Rule 8(e), [plaintiff] must allege facts sufficient to establish that [the individual

---

[3] The factors, which are not exhaustive, include: "(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporation purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 139 (2d Cir. 1991).

defendant] 'misused the corporate form for her personal ends so as to commit a wrong or injustice' against [plaintiff]." *Goldblatt v. Englander Commc'ns, L.L.C.*, No. 06 Civ. 3208, 2007 WL 148699 (S.D.N.Y. Jan. 22, 2007) (dismissing a counterclaim against corporate officer because defendant "failed to establish a relationship between the alleged breach of contract and any misuse of the corporate form").

Plaintiffs have not alleged any facts to establish that Mr. Kreiss dominated and controlled Jaylyn and have failed to address even one of the ten factors that courts consider when making a finding of dominance. *See In re Adelphia*, 322 B.R. at 523 (finding no basis to pierce the corporate veil where complaint simply "repeat[ed] its 'domination and control' mantra multiple times" and failed to allege facts "that invoke any of the ten factors provided in the *Passalacqua* case"). That Mr. Kreiss is the President and sole shareholder of Jaylyn is insufficient to establish the dominance and control necessary to pierce the corporate veil. *See Dember Constr. Corp. v. Staten Island Mall*, 56 A.D.2d 768, 769, 392 N.Y.S.2d 299, 300 (1st Dept. 1977) (allegation that individual defendant was the sole and majority shareholder of the defendant corporations insufficient to pierce the corporate veil; complaint dismissed because plaintiff failed to allege that individual "enjoyed total domination over the defendant corporate entities and used that domination in order to commit the breach complained of."); *see also Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, No. 98 civ. 7766, 2008 WL 2787981 (S.D.N.Y. July 17, 2008) (recognizing that "[o]ne-person corporations are authorized by law and should not lightly be labeled a sham" and holding that "the Court cannot disregard the corporate form and impose liability on [an individual] simply on the cursory contentions of [defendants]" (quoting *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471 (2000))).

Notwithstanding Plaintiffs' failure to show that Mr. Kreiss dominated Jaylyn under the requisite standard, the Complaint contains additional conclusory allegations in an attempt to hold Mr. Kreiss personally liable for the alleged conduct of Jaylyn. The Complaint alleges "[u]pon information and belief, Defendant Don Kreiss, an individual, is the President and sole shareholder of Jaylyn . . . and was and is in a position to participate in and direct, and, in fact, did participate in and direct, the wrongful conduct of Defendant Jaylyn as set forth herein." (Complaint, at ¶ 5). The Complaint further alleges that "[u]pon information and belief, Jaylyn, acting under the direction and control of Kreiss, has acquired at least some of the counterfeit GOLDTOE brand socks, including socks bearing the proprietary Gold Stripe mark and socks bearing the proprietary Gold Toe Design mark and AQUAFX & Design marks, from Defendant Hosiery Concepts." (Complaint, at ¶ 30). These conclusory allegations fail to satisfy even the most liberal pleading standard and cannot form the basis for piercing the corporate veil.

Even assuming, *arguendo*, that Plaintiffs have established that Mr. Kreiss dominated and controlled Jaylyn, the Complaint "is devoid of any factual allegations to establish that [Mr. Kreiss's] domination of [Jaylyn] was the means by which a wrong was done to plaintiff." *Ross Prods. Div. Abbott Labs., Inc. v. Saper*, No. CV 06-3264, 2007 WL 1288125, at *6 (E.D.N.Y. Apr. 26, 2007). In *Saper*, the court held that the allegation that the individual "used his control and domination of [the corporation] to defraud Plaintiff by making knowingly false representations to Plaintiff that [the corporation] was adequately capitalized and able to meet its financial obligations to Plaintiff pursuant to the Agreement," was insufficient to justify piercing the corporate veil. *Id.* Here, the allegations are even more conclusory. Plaintiffs simply allege that Mr. Kreiss "did participate in and direct the wrongful conduct of Defendant Jaylyn," (Complaint, at ¶ 5) and loosely allege that Jaylyn acquired counterfeit goods while "acting under

the direction and control of Kreiss." (Complaint, at ¶ 30). Plaintiffs have not met their burden of proving the connection between Mr. Kreiss' alleged domination and control of Jaylyn and the alleged acquisition of counterfeit goods.

Furthermore, despite Plaintiffs' efforts to portray Mr. Kreiss as a wrongdoer and a participant of a counterfeiting scheme with Hosiery Concepts, Plaintiffs have yet to proffer any facts that would support such an allegation. In fact, Plaintiffs failed in demonstrating that Mr. Kreiss, as a corporate officer of Jaylyn is personally liable. Mr. Kreiss did not actively or knowingly participate in, or cause the trademark infringement. *Monsanto Co. v. Haskel Trading, Inc.,* 13 F.Supp.2d 349, 354 (E.D.N.Y. 1998) ("[w]hile a corporate officer is not necessarily individually liable for torts committed on behalf of the corporation, personal liability for trademark infringement and unfair competition is established if the officer is a moving, active conscious force behind [the defendant corporation's] infringement.") (citations and internal quotation marks omitted). Mr. Kreiss certainly was not a "moving, active conscious force" behind the alleged infringement as he was unknowingly buying what he thought were legitimate GOLDTOE socks from Hosiery Concepts. Indeed, Mr. Kreiss is as much a victim in the counterfeiting scheme of Hosiery Concepts as Plaintiffs are. Accordingly, the Complaint does not adequately state a claim against the individual defendant, Mr. Kreiss, and it should be dismissed based on the absence of any allegation giving rise to personal liability.

## CONCLUSION

Based on the foregoing, Defendant Don Kreiss respectfully requests that the Complaint be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                              Respectfully submitted,

                                              GREENBERG TRAURIG, LLP

Dated: New York, New York     By:     /s/ Masahiro Noda
           August 29, 2008                     Scott E. Thompson (ST 7889)
                                               James H. Donoian (JD 9052)
                                               Masahiro Noda (MN 0213)
                                               200 Park Avenue
                                               New York, New York 10166
                                               (212) 801-9200

                                               *Attorneys for Defendants*
                                               *Jaylyn Sales Inc. and Don Kreiss*