UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAKM RESOURCES LLC<br>and GOLDTOEMORETZ, LLC<br><br>Plaintiffs,<br><br>v.<br><br>JAYLYN SALES INC., DON KREISS,<br>HOSIERY CONCEPTS INC.,<br>TIMOTHY LEE, SE-GYE YANG<br>HAENG CO., LTD., and DOES 1-30<br><br>Defendants. | Civil Action No. 08 CV 6030 (GEL)<br><br>**DECLARATION OF DON KREISS IN<br>SUPPORT OF MOTION TO DISMISS** |

I, DON KREISS, under penalty of perjury, hereby declare and state as follows:

1. I am the founder and President of Defendant Jaylyn Sales, Inc. ("Jaylyn"). I am personally familiar with the facts set forth herein. The information set forth herein is based upon my personal knowledge.

2. Jaylyn is in the business of selling primarily intimate apparel and sleepwear for ladies, children and men and, on occasion, offer miscellaneous goods, including but not limited to, sweaters, jackets, hosiery, footwear accessories and other items, which constitute a very small portion of its overall business.

3. I founded Jaylyn in 1984 and have been engaged in the business of offering intimate apparel and sleepwear for the last 35 years.

4. No manufacturer or individual has ever complained to me that I was selling infringing or counterfeit goods during my 35 years of experience.

NY 239,108,910v1 8-28-08

5. Jaylyn purchases for resale, off-price closeout merchandise that are either cancelled or discontinued by customers of manufacturers and/or licensees, wholesalers and stores.

6. Jaylyn purchased GOLDTOE brand socks from defendants Hosiery Concepts and Timothy Lee (collectively "Hosiery Concepts") for resale in the United States.

7. Based on Jaylyn's prior dealings with Hosiery Concepts the past 5 years, and representations made by Hosiery Concepts, I believed that the GOLDTOE brand socks and all other brands Jaylyn purchased from Hosiery Concepts were genuine and not infringing and/or counterfeit.

8. The price paid by Jaylyn for GOLDTOE socks was not even discounted to have alerted me that such goods sold by Hosiery Concepts were not genuine GOLDTOE socks.

9. On May 8, 2008, I received a letter from Plaintiffs' counsel, Larry Jones, alerting me that Jaylyn was selling counterfeits of GOLDTOE socks and that such activities must cease. Plaintiffs' counsel also demanded that Jaylyn recall all existing inventories, provide a written assurance that it will not sell, offer to sell or advertise GOLDTOE brand socks, and produce customer lists and financial documents in connection with its purchase and sale of GOLDTOE socks, including copies of purchase orders, sales invoices and shipping documents.

10. Upon reading of the letter, I, in my capacity as the president of Jaylyn, voluntarily and immediately ceased purchasing and sale of such socks.

11. When I first spoke to Larry Jones in early June, I expressed that I had no knowledge of the allegedly infringing and/or counterfeit GOLDTOE socks.

12. On June 20, 2008, Jaylyn produced to Plaintiffs' counsel its sales analysis reports for GOLDTOE socks.

13. After production of the documents on June 20, 2008, I called Plaintiffs' counsel, Larry Jones several times to confirm his receipt of the documents but my repeated calls were not returned.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2008

_____
Don Kreiss

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAKM RESOURCES LLC<br>and GOLDTOEMORETZ, LLC,<br><br>                    Plaintiffs,<br><br>-against-<br><br>JAYLYN SALES INC., DON KREISS,<br>HOSIERY CONCEPTS INC., TIMOTHY LEE,<br>SE-GYE YANG HAENG CO., LTD., and<br>DOES 1-30,<br><br>                    Defendants. | **JUDGE LYNCH**<br><br>Case No. 08 CV _____<br><br>**08 CV 6030**<br><br>COMPLAINT<br><br>(JURY DEMANDED)<br><br> |

Plaintiffs, GAKM Resources LLC and GoldToeMoretz, LLC, by and through their attorneys, Alston & Bird LLP, for their complaint, allege on personal knowledge as to their actions, and upon information and belief as to the actions of others, as follows:

### Introduction

1.      This is an action at law and in equity for, *inter alia*, trademark counterfeiting, infringement and dilution, false advertising, and unfair competition. Collectively, Defendants are exporting to this country, importing into this country, and advertising, promoting, selling and distributing socks within this country bearing counterfeits of Plaintiffs' proprietary and federally registered GOLD TOE, GOLDTOE, Gold Toe Design, Gold Stripe, and AQUAFX & Design trademarks (hereinafter, collectively, the "GoldToe Marks"). Defendants' counterfeit socks were not manufactured under the authority of Plaintiffs, and Plaintiffs have not authorized the importation of those goods into this country or the advertising and sales of those goods within this country. Defendants' merchandise is likely to cause confusion and to deceive consumers regarding its source or sponsorship, and Defendants' merchandise is likely to dilute and impair the distinctive quality of each of Plaintiffs' GoldToe Marks.

## The Parties

2.  Plaintiff GAKM Resources LLC (hereafter "GAKM") is a Delaware limited liability company having a principal place of business at 514 W. 21st St., Newton, North Carolina 28658. Formerly known as GAKM Resources Corporation, a Delaware corporation, in 2007 this corporation was converted to its present status as a Delaware limited liability company, and its name was changed to GAKM Resources LLC.

3.  Plaintiff GoldToeMoretz, LLC (hereafter "GoldToeMoretz") is also a Delaware limited liability company having a principal place of business at 514 W. 21st St., Newton, North Carolina 28658, and is an affiliate of GAKM.

4.  Upon information and belief, Defendant Jaylyn Sales, Inc. ("Jaylyn") is a New York corporation having a place of business and address of 19 W. 34th Street, Room 905, New York, New York 10001.

5.  Upon information and belief, Defendant Don Kreiss ("Kreiss"), an individual, is the President and sole shareholder of Jaylyn, also has a business address of 19 W. 34th Street, Room 905, New York, New York 10001, and was and is in a position to participate in and direct and, in fact, did participate in and direct, the wrongful conduct of Defendant Jaylyn as set forth herein.

6.  Upon information and belief, Defendant Hosiery Concepts Inc. ("Hosiery Concepts") is a New York corporation having a place of business and address of 10 W. 33rd Street, Suite 715, New York, New York 10001.

7.  Upon information and belief, Defendant Timothy Lee ("Lee"), an individual, is the President of Hosiery Concepts, also has a business address of 10 W. 33rd Street, Suite 715, New York, New York 10001, and was and is in a position to participate in and direct and, in fact,

did participate in and direct, the wrongful conduct of Defendant Hosiery Concepts as set forth herein.

8. Upon information and belief, Defendant Se-Gye Yang Haeng Co. Ltd. ("Se-Gye") is a company organized under the laws of the Republic of Korea and has an address of 75-9 Garak Dong, Songpa-Ku, Seoul, Korea.

9. Defendants DOES 1-30 are customers of Jaylyn who, as retailers or otherwise, have acquired from Jaylyn socks bearing counterfeits of Plaintiffs' marks and are selling and/or have sold those goods to retail customers and/or other purchasers without Plaintiffs' consent. The true names, whether corporate, individual or otherwise, and the addresses of Defendants DOES 1-30 are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and reserve the right to seek leave to amend this complaint to reflect their true names, addresses and capacities when such information has been ascertained.

## Jurisdiction and Venue

10. This is an action seeking injunctive relief, monetary remedies, other equitable remedies, and attorney's fees based upon false advertising, unfair competition, and trademark counterfeiting, infringement and dilution of Plaintiffs' GoldToe Marks for socks, such causes of action arising from Defendants' use of Plaintiffs' GOLDTOE, Gold Toe Design, Gold Stripe and AQUAFX & Design trademarks, without Plaintiffs' authorization, in connection with the sales, offering for sale, advertising, promotion, and distribution of socks in commerce, in the state of New York, and in this judicial district.

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

12. This Court has personal jurisdiction over Defendants pursuant to Sections 301 and 302 of the New York Civil Practice Law and Rules because: All Defendants other than Se-Gye are present in this judicial district; Defendants transact business and solicit business in the State of New York, within this judicial district and elsewhere; Defendants have committed tortious acts within the State; and/or Defendants have committed tortious acts without the State and regularly do or solicit business, engage in other persistent course of conduct and/or derive substantial revenue from products sold or services offered within the State of New York, or expect or should reasonably expect their tortious acts to have consequences in New York State and derive substantial revenue from interstate commerce. Further, Plaintiffs have been injured in this judicial district.

13. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, as specified by 28 U.S.C. § 1332.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendants willfully solicit and conduct business within this district and, as a result, the acts complained of took place within this district.

### Plaintiffs' Exclusive Use and Ownership of the GOLD TOE, GOLDTOE, AQUAFX & Design, Gold Toe Design, and Gold Stripe Trademarks for Socks

15. Plaintiff GoldToeMoretz is a well-known manufacturer and marketer of socks and related goods. As reflected on its websites (www.GoldToeMoretz.com and www.GoldToe.com), one of the designations under which GoldToeMoretz markets its socks is the trademark GOLDTOE, which mark GoldToeMoretz uses under license from the mark's owner, Plaintiff GAKM.

16. Through the predecessors of GAKM and the licensees of GAKM and its predecessors, the GOLD TOE and GOLDTOE trademarks have been used on socks in this

country since 1934. Through their longstanding and extensive use, the GOLD TOE and GOLDTOE socks trademarks have become quite well-known to consumers and have enjoyed tremendous commercial success. Moreover, the GOLD TOE/GOLDTOE brand has become so well known for socks in this country that the proprietary GOLD TOE and GOLDTOE trademarks each enjoy the status of a "famous" trademark, which status was obtained prior to the activities of Defendants made the subjects of this lawsuit.

17. Further, the GOLD TOE mark is the subject of several federal trademark registrations, including U.S. Trademark Registration No. 770,389, which registration issued to one of GAKM's predecessors in 1964 and is presently owned by GAKM and licensed to and used by GoldToeMoretz.

18. Still further, the concatenated form of Plaintiffs' brand (i.e., GOLDTOE) is also a trademark owned by GAKM, licensed to and used by GoldToeMoretz, and federally registered for use on socks, as reflected in U.S. Trademark Registration No. 3,250,352.

19. Additionally, among the other proprietary trademarks of GAKM are marks comprised of a single gold ring in the toe area of socks (the "Gold Stripe marks"). Those Gold Stripe marks, generally used in conjunction with socks sold under the GOLDTOE brand, have also become and have been famous marks for an extended period of time, and are owned by GAKM and licensed to and used by GoldToeMoretz. Moreover, Plaintiffs' Gold Stripe marks also are the subjects of several federal trademark registrations, including U.S. Trademark Registrations Nos. 2,056,422, 2,704,278 and 3,119,227.

20. Still further, another of GAKM's proprietary trademarks is the designation comprised of the color gold as applied to the toe area of socks (the "Gold Toe Design" mark). The Gold Toe Design mark, used since 1932, has also become and has been a famous mark for

5

an extended period of time, and is owned by GAKM and licensed to and used by GoldToeMoretz. Moreover, Plaintiffs' Gold Toe Design mark is the subject of U.S. Trademark Registration No. 308,608.

21. Additionally, among the other proprietary socks trademarks of GAKM are the word mark AQUAFX and the composite mark comprised of the term AQUAFX in combination with a depiction of two water drops (the "AQUAFX & Design" mark). Used since 2004, the AQUAFX word mark and the AQUAFX & Design mark are owned by GAKM and licensed to and used by GoldToeMoretz, and the AQUAFX & Design mark is the subject of U.S. Trademark Registration No. 3,006,302.

22. At all times relevant to this Complaint, Defendants are and have been well aware of the vast goodwill represented and symbolized by the GoldToe Marks.

23. Defendants are in no way affiliated with GAKM, GoldToeMoretz or their related entities.

24. Defendants are not now, nor have they ever been, owners or licensees of any of the GoldToe Marks.

**Defendants' Wrongful Acts**

25. In or about April 2008, Plaintiffs learned that Defendant Jaylyn was advertising, promoting and offering for sale to retailers in the U.S. and this district counterfeits of GOLDTOE socks.

26. More particularly, Plaintiffs learned in April 2008 that Jaylyn was using certain advertising and promotional materials to advertise and offer for sale counterfeit GOLDTOE socks in the U.S. and particularly in this district.

27. The counterfeit socks depicted in the advertising and promotional material have been packaged with a band upon which Plaintiffs' proprietary GOLDTOE brand is depicted very prominently.

28. Additionally, in or about April 2008, Plaintiffs received photographs from a customer of some additional counterfeit GOLDTOE socks that were being offered for sale by Defendants. These counterfeit GOLDTOE socks also bear the GOLDTOE mark prominently on the packaging and bear the Gold Stripe mark.

29. On May 8, 2008, Plaintiffs' attorney, Larry C. Jones of Alston & Bird LLP, sent to Jaylyn's President, Defendant Don Kreiss, a letter notifying Jaylyn and Kreiss of Plaintiffs' awareness of Jaylyn's unlawful actions, demanding that such actions cease, and demanding that Jaylyn provide certain information and materials. Although Kreiss and Jaylyn eventually provided some of the requested materials on or about June 20, 2008, they did not provide all of the requested materials, including, for example, copies of all purchase orders, sales invoices, and shipping documents pertaining to Jaylyn's acquisitions and sales of the subject goods.

30. Upon information and belief, Jaylyn, acting under the direction and control of Kreiss, has acquired at least some of the counterfeit GOLDTOE brand socks, including socks bearing the proprietary Gold Stripe mark and socks bearing the proprietary Gold Toe Design mark and AQUAFX & Design marks, from Defendant Hosiery Concepts. Plaintiffs only recently discovered that those acquisitions by Jaylyn have occurred over a period of time, the duration of which is not presently known to Plaintiffs. Moreover, Jaylyn may have acquired socks bearing Plaintiffs' proprietary marks from sources other than Hosiery Concepts, and the full extent of Jaylyn's trafficking in socks and other goods bearing counterfeits of Plaintiffs' marks remains to be determined via discovery in this lawsuit.

7

31. Upon information and belief, Hosiery Concepts, in turn, acting under the direction and control of Defendant Lee, has acquired at least some of the counterfeit socks, including socks bearing the proprietary GOLDTOE, AQUAFX & Design, Gold Toe Design, and Gold Stripe marks, from Defendant Se-Gye. Plaintiffs only recently discovered that those acquisitions by Hosiery Concepts have occurred over a period of time, the duration of which is not presently known to Plaintiffs. Moreover, Hosiery Concepts may have acquired socks bearing Plaintiffs' proprietary marks from sources other than Se-Gye, and the full extent of Hosiery Concepts' trafficking in socks and other goods bearing counterfeits of Plaintiffs' marks remains to be determined via discovery in this lawsuit.

32. Upon information and belief, Defendants DOES 1-30 have sold and/or are presently selling in various retail stores, and possibly in other facilities, socks bearing counterfeits of Plaintiffs' GoldToe Marks, which socks were acquired at various times from Defendant Jaylyn.

### Count I
### INFRINGEMENT and COUNTERFEITING of FEDERALLY REGISTERED TRADEMARKS
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

33. Plaintiffs repeat and reallege the contents of ¶1 through ¶32 as though fully set forth herein.

34. Defendants' use in commerce of reproductions, counterfeits, copies or colorable imitations of the federally registered GoldToe Marks in connection with the importation, advertising, promotion, offering for sale, sale and distribution of socks or other goods is likely to cause confusion, or to cause mistake or deceive customers or potential customers.

35. Such acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

37. The aforesaid acts of Defendants have also caused great and irreparable harm to Plaintiffs and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

**Count II**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)**

38. Plaintiffs repeat and reallege the contents of ¶1 through ¶37 as though fully set forth herein.

39. Defendants' use in commerce of the GoldToe Marks is likely to cause confusion, or to cause mistake or deceive consumers as to the affiliation, connection, or association of those marks with Defendants or as to the origin, sponsorship or approval of Defendants' goods by Plaintiffs.

40. Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

42. The aforesaid acts of Defendants have also caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## Count III
## FEDERAL FALSE ADVERTISING
## 15 U.S.C. § 1125 (a)(1)(B) (§ 43(a)(1)(B) of the Lanham Act)

43. Plaintiffs repeat and reallege the contents of ¶1 through ¶42 as though fully set forth herein.

44. Defendants' unauthorized use in commercial advertising or promotion of Plaintiffs' marks, including, without limitation, the GOLDTOE mark, misrepresents characteristics of the unauthorized goods on which each such mark is used.

45. Defendants' activities constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

46. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

47. The aforesaid acts of Defendants have also caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## Count IV
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125(c) (§ 43(c) of the Lanham Act)

48. Plaintiffs repeat and reallege the contents of ¶1 through ¶47 as though fully set forth herein.

49. The GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe socks marks are widely recognized by consumers of socks. Each of Plaintiffs' GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe socks marks is strong, highly distinctive and famous in the United

States and achieved fame before Defendants commenced their unauthorized use in commerce of the GOLDTOE, Gold Toe Design, and Gold Stripe marks.

50. Defendants' unauthorized use in commerce of the GOLDTOE, Gold Toe Design, and Gold Stripe marks after these marks became famous is likely to cause dilution of the famous GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe marks and is damaging to Plaintiffs' businesses and goodwill.

51. Such acts are in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

53. The aforesaid acts of Defendants have also caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

### Count V
### FALSE ADVERTISING
### In Violation Of New York General Business Law § 350

54. Plaintiffs repeat and reallege the contents of ¶1 through ¶53 as though fully set forth herein.

55. Defendants' use of Plaintiffs' marks, including, without limitation, the GOLDTOE mark, in commercial advertising or promotion, misrepresents characteristics of the unauthorized goods on which each such mark is used.

56. Defendants' acts described above constitute false advertising in violation of New York General Business Law § 350.

57. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

58. The aforesaid acts of Defendants have also caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

**Count VI**
**UNFAIR COMPETITION**
**In Violation of New York General Business Law § 360-l**

59. Plaintiffs repeat and reallege the contents of ¶1 through ¶58 as though set forth fully herein.

60. The aforesaid acts of Defendants are likely to cause injury to Plaintiffs' business reputation and result in Defendants unfairly competing with Plaintiffs in violation of New York General Business Law § 360-l.

61. Defendants' acts described above constitute unfair competition in violation of New York General Business Law § 360-1.

62. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

63. The aforesaid acts of Defendants have also caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

### Count VII
### DILUTION
### In Violation of New York General Business Law § 360-1

64. Plaintiffs repeat and reallege the contents of ¶1 through ¶63 as though set forth fully herein.

65. The GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe socks marks are widely recognized by consumers of socks. Each of the GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe marks is strong, highly distinctive and famous and achieved fame before Defendants commenced their unauthorized use of the GOLDTOE, Gold Toe Design, and Gold Stripe marks.

66. The actions of Defendants are likely to cause confusion and dilute the distinctive quality of the GOLD TOE, GOLDTOE, Gold Toe Design, and Gold Stripe socks marks.

67. Such acts are in violation of New York General Business Law § 360-1.

68. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

69. The aforesaid acts of Defendants have also caused great and irreparable injury to Plaintiffs and, unless restrained by this Court, will continue to cause further irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

### Count VIII
### COMMON LAW UNFAIR COMPETITION

70. Plaintiffs repeat and reallege the contents of ¶1 through ¶69 as if fully set forth herein.

71. Defendants have engaged in unfair competition with Plaintiffs in violation of the common law of New York by advertising, promoting, offering and selling their products using

Plaintiffs' marks, and by trading upon the goodwill established by Plaintiffs and thereby misappropriating the benefits of substantial effort and money expended by Plaintiffs in establishing their rights in the GoldToe Marks and the goodwill and reputation of Plaintiffs.

72. Such acts are in violation of New York common law.

73. The aforesaid acts of Defendants have injured Plaintiffs in an amount to be determined at trial.

74. The aforesaid acts of Defendants have also caused Plaintiffs irreparable injury and, unless restrained and enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

### JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A temporary restraining order and preliminary and permanent injunctions prohibiting Defendants, their officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the GOLD TOE, GOLDTOE, AQUAFX, AQUAFX & Design, Gold Toe Design, and Gold Stripe designations and any other proprietary designations of either Plaintiff, or any confusingly similar variations thereof, in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, offering, selling or distribution of socks and any other goods in the United States, and from otherwise infringing and diluting the GOLD TOE, GOLDTOE, AQUAFX, AQUAFX & Design, Gold Toe Design, and Gold Stripe marks;

B.  A temporary restraining order and preliminary and permanent injunctions requiring Defendants to remove all use of the GOLD TOE, GOLDTOE, AQUAFX, AQUAFX & Design, Gold Toe Design, and Gold Stripe marks, and any other proprietary marks of either Plaintiff and any confusingly similar variations thereof, from their sales aids, advertisements, and any other promotional material or medium;

C.  An order requiring the surrender to Plaintiffs of all goods and other materials in Defendants' possession, custody or control and bearing any of the GOLD TOE, GOLDTOE, AQUAFX, AQUAFX & Design, Gold Toe Design, or Gold Stripe designations or any other proprietary designation of either Plaintiff, or any confusingly similar variation thereof, for the destruction of such goods and materials by Plaintiffs, and requiring further the filing and service of a certified report by each Defendant, identifying and attesting to the surrender of those goods and other materials in such particular details as the Court shall deem appropriate;

D.  An order requiring the issuance of a corrective notice by each Defendant, approved in advance by the Court, and sent to each customer who purchased from said Defendant any such product, which notice indicates that said Defendant is not an authorized user of such marks or an authorized seller of products bearing such marks, and that the sale of such products by said Defendant and the resale of such products by said customer was and is in violation of United States law;

E.  An accounting for all profits derived by each Defendant and its subsidiaries from its unlawful acts;

F.  An award of such monetary remedies in an amount sufficient to compensate Plaintiffs for losses they have sustained as a consequence of Defendants' unlawful acts, as well as Defendants' profits attributable to the infringements;

G.  An award of statutory damages to Plaintiffs;

H.  An award of treble damages or other enhanced monetary remedies to Plaintiffs;

I.  An award of attorney's fees and costs to Plaintiffs; and

J.  Such further relief as the Court may deem just and appropriate.

Dated: July 2, 2008
New York, New York

ALSTON & BIRD LLP

Robert E. Hanlon (RH-8794)
Lara A. Holzman (LH-8355)
90 Park Avenue
New York, New York 10016
212-210-9400
   and

Larry C. Jones
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
704-444-1019

*Attorneys for Plaintiffs,*
*GAKM Resources LLC and*
*GoldToeMoretz, LLC*