UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAKM RESOURCES LLC<br>and GOLDTOEMORETZ, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>JAYLYN SALES INC., DON KREISS,<br>HOSIERY CONCEPTS INC.,<br>TIMOTHY LEE, SE-GYE YANG<br>HAENG CO., LTD., and DOES 1-30<br><br>        Defendants. | Civil Action No. 08 CV 6030 (GEL)<br><br><br>**DEFENDANT JAYLYN SALES INC.'S<br>ANSWER TO COMPLAINT** |

Defendant Jaylyn Sales, Inc. ("Jaylyn"), through their undersigned counsel, respond to Plaintiffs GAKM Resources LLC and GoldToeMoretz, LLC's ("Plaintiffs") Complaint as follows:

## INTRODUCTION

1.      Jaylyn admits that Plaintiffs' Complaint purports to allege an action for trademark counterfeiting, infringement and dilution, false advertising and unfair competition. Except so as admitted, Jaylyn denies each and every allegation contained in Paragraph 1 of the Complaint.

## PARTIES[1]

2.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 2, and on that basis denies them.

3.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 3, and on that basis denies them.

---

[1] To facilitate the Court's comparison of the allegations in the Complaint and defendant Jaylyn's responses thereto, Jaylyn has incorporated the "Headings" that appear in the Complaint. It should be understood, however, that Jaylyn does not necessarily agree with the characterizations in such Headings and does not waive any rights to object to such characterizations or implications.

4.      Jaylyn admits the allegations of Paragraph 4.

5.      Jaylyn admits that Defendant Don Kreiss, an individual, is the president of Jaylyn, and has a business address of 19 W. 34th Street, Room 905, New York, New York, 10001. Jaylyn denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 6, and on that basis denies them.

7.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7, and on that basis denies them.

8.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 8, and on that basis denies them.

9.      Jaylyn lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 9, and on that basis denies them.

### Jurisdiction and Venue

10.     Jaylyn admits that Plaintiffs' Complaint purports to allege an action for trademark counterfeiting, infringement and dilution, false advertising and unfair competition and seeks injunctive relief, monetary remedies, and other equitable remedies and attorney's fees. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 10, and on that basis denies them.

11.     Jaylyn does not dispute this Court has subject matter jurisdiction over the current allegations of Plaintiffs' Complaint.

12.     Jaylyn admits that it does business in the State of New York. Jaylyn denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 13, and on that basis denies them.

14. Jaylyn does not dispute venue is proper in this District with respect to the allegations of Plaintiffs' Complaint, but denies the remaining allegations of Paragraph 14 of the Complaint. For any allegations contained in Paragraph 14 that are directed toward defendants other than Jaylyn, Jaylyn lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### Plaintiff's Exclusive Use and Ownership of the GOLD TOE, GOLDTOE, AQUAFX & Design, Gold Toe Design, and Gold Stripe Trademarks for Socks

15. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies them.

16. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies them.

17. Jaylyn admits that GOLD TOE is the subject of U.S. Trademark Registration No. 770,389. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 17 of the Complaint, and on that basis denies them.

18. Jaylyn admits that GOLDTOE is the subject of U.S. Trademark Registration No. 3,250,352. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 18 of the Complaint, and on that basis denies them.

19. Jaylyn admits that the Gold Stripe marks are the subject of U.S. Trademark Registration Nos. 2,056,422, 2,704,278 and 3,119,227, and refers to the trademark registrations for their descriptions. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 19 of the Complaint, and on that basis denies them.

20. Jaylyn admits that the Gold Toe Design mark is the subject of U.S. Trademark Registration No. 308,608, and refers to the trademark registration for its description. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 20 of the Complaint, and on that basis denies them.

21. Jaylyn admits that the AQUAFX & Design mark is the subject of U.S. Trademark Registration No. 3,006,302, and refers to the trademark registration for its description. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 21 of the Complaint, and on that basis denies them.

22. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies them.

23. Jaylyn admits that it is in no way affiliated with GAKM, GoldToeMoretz or their related entities. For any allegations contained in Paragraph 23 that are directed toward defendants other than Jaylyn, Jaylyn lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

24. Jaylyn admits that it is not now, nor has ever been, an owner or licensee of any of the GoldToe Marks. For any allegations contained in Paragraph 24 that are directed toward defendants other than Jaylyn, Jaylyn lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### Defendants' Wrongful Acts

25. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies them.

26. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and on that basis denies them.

27. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and on that basis denies them.

28. Jaylyn lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and on that basis denies them.

29. Jaylyn admits that it received a letter from Plaintiffs' attorney, Larry C. Jones of Alston & Bird LLP, which was dated May 8, 2008. Jaylyn further admits that it provided the requested financial information on June 20, 2008 to Mr. Jones. Jaylyn refers to the letter, which speaks for itself. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 29 of the Complaint, and on that basis denies them.

30. Jaylyn denies that Jaylyn was acting under the direction and control of the individual Don Kreiss. Jaylyn admits that it bought socks from Hosiery Concepts, some of which bore trademarks identified in the Complaint. Jaylyn lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 30 of the Complaint, and on that basis denies them.

31. As allegations contained in Paragraph 31 that are directed toward defendants other than Jaylyn, Jaylyn lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

32. As allegations contained in Paragraph 32 that are directed toward defendants other than Jaylyn, Jaylyn lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

### Count I
### INFRINGEMENT and COUNTERFEITING of FEDERALLY REGISTERED TRADEMARKS
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

33. Jaylyn incorporates herein its responses to Paragraphs 1-32 above.

34. Jaylyn denies the allegations in Paragraph 34.

35. Jaylyn denies the allegations in Paragraph 35.

36. Jaylyn denies the allegations in Paragraph 36.

37. Jaylyn denies the allegations in Paragraph 37.

**Count II**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)**

38. Jaylyn incorporates herein its responses to Paragraphs 1-37 above.

39. Jaylyn denies the allegations in Paragraph 39.

40. Jaylyn denies the allegations in Paragraph 40.

41. Jaylyn denies the allegations in Paragraph 41.

42. Jaylyn denies the allegations in Paragraph 42.

**Count III**
**FEDERAL FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B) (§ 43(a)(1)(B) of the Lanham Act)**

43. Jaylyn incorporates herein its responses to Paragraphs 1-42 above.

44. Jaylyn denies the allegations in Paragraph 44.

45. Jaylyn denies the allegations in Paragraph 45.

46. Jaylyn denies the allegations in Paragraph 46.

47. Jaylyn denies the allegations in Paragraph 47.

**Count IV**
**FEDERAL TRADEMARK DILUTION**
**15 U.S.C. § 1125(c) (§ 43(c) of the Lanham Act)**

48. Jaylyn incorporates herein its responses to Paragraphs 1-47 above.

49. Jaylyn denies the allegations in Paragraph 49.

50. Jaylyn denies the allegations in Paragraph 50.

51. Jaylyn denies the allegations in Paragraph 51.

52. Jaylyn denies the allegations in Paragraph 52.

53. Jaylyn denies the allegations in Paragraph 53.

## Count V
## FALSE ADVERTISING
### In Violation Of New York General Business Law § 350

54. Jaylyn incorporates herein its responses to Paragraphs 1-53 above.

55. Jaylyn denies the allegations in Paragraph 55.

56. Jaylyn denies the allegations in Paragraph 56.

57. Jaylyn denies the allegations in Paragraph 57.

58. Jaylyn denies the allegations in Paragraph 58.

## Count VI
## UNFAIR COMPETITION
### In Violation Of New York General Business Law § 360-l

59. Jaylyn incorporates herein its responses to Paragraphs 1-58 above.

60. Jaylyn denies the allegations in Paragraph 60.

61. Jaylyn denies the allegations in Paragraph 61.

62. Jaylyn denies the allegations in Paragraph 62.

63. Jaylyn denies the allegations in Paragraph 63.

## Count VII
## DILUTION
### In Violation Of New York General Business Law § 360-l

64. Jaylyn incorporates herein its responses to Paragraphs 1-63 above.

65. Jaylyn denies the allegations in Paragraph 65.

66. Jaylyn denies the allegations in Paragraph 66.

67. Jaylyn denies the allegations in Paragraph 67.

68. Jaylyn denies the allegations in Paragraph 68.

69. Jaylyn denies the allegations in Paragraph 69.

## Count VIII
## COMMON LAW UNFAIR COMPETITION

70. Jaylyn incorporates herein its responses to Paragraphs 1-69 above.

71. Jaylyn denies the allegations in Paragraph 71.

72. Jaylyn denies the allegations in Paragraph 72.

73. Jaylyn denies the allegations in Paragraph 73.

74. Jaylyn denies the allegations in Paragraph 74.

## AFFIRMATIVE DEFENSES

Jaylyn asserts the following defenses to Plaintiffs' Complaint:

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Plaintiffs' claims are barred by the doctrines of laches.

### Third Affirmative Defense

3. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Affirmative Defense

4. Plaintiffs' claims are barred by the doctrines of unclean hands.

### Fifth Affirmative Defense

5. Plaintiffs failed to mitigate their damages, if any.

### Sixth Affirmative Defense

6. Jaylyn denies that Plaintiffs are entitled to any of the relief requested in its Prayer for Relief.

7. Jaylyn reserves the right to further amend its Answer to assert additional defenses as discovery proceeds in this matter.

                                Respectfully submitted,

                                GREENBERG TRAURIG, LLP

Dated: New York, New York    By:   /s/ Masahiro Noda
         August 29, 2008                   Scott E. Thompson (ST 7889)
                                          James H. Donoian (JD 9052)
                                          Masahiro Noda (MN 0213)
                                          200 Park Avenue
                                          New York, New York 10166
                                          (212) 801-9200

                                          *Attorneys for Defendant*
                                          *Jaylyn Sales Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August 2008, a copy of the foregoing DEFENDANT JAYLYN SALES INC'S ANSWER TO COMPLAINT was filed with the clerk of the court of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Nycol Morrisey
Nycol Morrisey